IN THE MATTER OF PROVING OF THE LAST WILL AND TESTAMENT OF SETH CHAPMAN, DECEASED.

*Evidence — instructions to an attorney as to the making of a will — when they are not to be treated as privileged communications.*

Probate of a will was contested upon the ground that a mistake had been made in respect to a piece of real estate specifically devised thereby. It appeared that the testator had intended to embody in the will a prior will and a codicil thereto, and it was claimed that his attorney in attempting to do this had made the mistake complained of. The attorney had in his possession the prior will with the signature of the testator torn therefrom, but he declined to produce it upon the ground that he received it as a confidential communication from his client, and that as such it was privileged.

*Held*, that the surrogate erred in refusing to compel him to produce it.

Where the probate of a will is contested on the ground of fraud, forgery or mistake. instructions for the making of the will, received by an attorney, are not privileged communications within any just and proper construction or understanding of the rule of law relating to them.

APPEAL from a decree of the surrogate of Queens county admitting a will to probate and judicially construing certain of the provisions thereof.

*Jno. J. Armstrong*, for Annie C. Kirby, appellant.

*W. S. Cogswell*, for the respondents.

DYKMAN, J.:

This is an appeal from a decree of the surrogate of Queens county admitting to probate the last will and testament of Seth Chapman. The allegation against the will was that there was a mistake respecting a certain parcel of real property specifically devised; that such was not the intention of the testator, and that by him it was intended to fall in with the property included in the seventh clause.

Under this issue the contestants had the right to introduce legitimate testimony to establish the mistake set up. The source from which such evidence would best come is the instructions of the testator delivered to the person who prepared the will. The will in question bears date November 16, 1881; and it appeared that before this and after the first day of that November the testator had executed two wills and a codicil to the second, and the main object in the execution of the last will was to embody in it the second will and the codicil thereto, so that the instructions were substantially to put these two instruments into one.

These facts were established by the lawyer who drew the will and who was examined as a witness. He declined to produce the second will, which he retained with the signature torn off, on the grounds that he received the same as a confidential communication from his client, the testator, and stated that the last will was drawn substantially from the one he refused to disclose, and that he knew of no other memoranda.

The witness declined to produce the paper, and the surrogate justified his refusal on the ground of his privilege, and excluded testimony respecting memorandums for the will, to which there was exception to raise the question whether the attorney was entitled to privilege and whether the surrogate was right in his rulings.

While it is quite true that the seal fixed by the law on confiden-

tial communications to professional men is not removed by the death of the party, yet the rule is not to be so far extended as to permit a failure of justice. On an allegation of fraud, forgery or mistake, instructions received by an attorney for making the will are not privileged communications within any just and proper construction or understanding of the rule of law. (*Sheridan* v. *Houghton*, 16 Hun, 628.)

It was error for the surrogate to refuse the examination of the lawyer fully respecting instructions and directions received by him from the testator for drawing this will. If there is a mistake it has crept in by an omission which can be best shown in that way and there should be no suppression, a full examination and disclosure will be much more satisfactory, and the decree should be reversed and the cause sent back to the surrogate.

This result dispenses with the necessity for any determination respecting the construction of the will at this time.

Decree reversed. The question of costs is reserved.

BARNARD, P. J., and CULLEN, J., concurred.

Decree of surrogate reversed. Question of costs reserved until after new hearing.